UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>VERNON 4540 REALTY, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 20-22919 (RDD) |
| CSC 4540, LLC, 45-50 VERNON LP, JSMB 4540 LLC, and JSMB 4540 MM LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VERNON 4540 REALTY, LLC, and BRENT CARRIER,<br><br>Defendant. | Adversary Proceeding<br><br>No. 20-07020 (RDD) |

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING APPOINTMENT OF AN EXAMINER WITH POWERS PURSUANT TO 11 U.S.C. § 1104(c)

Upon the motion seeking summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 (ECF No. 48) by Plaintiffs CSC 4540, LLC, 45-50 Vernon LP, JSMB 4540 LLC and JSMB 4540 MM LLC (collectively, "**Plaintiffs**")[1], in the above-captioned adversary proceeding against the debtor and debtor in possession herein, Vernon 4540 Realty, LLC (the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in Plaintiffs' Motion for Summary Judgment.

#10159296 v4 \026143 \0003

1

"**Debtor**") and Brent Carrier ("**Carrier**") on their claims against the Debtor and Carrier for declaratory judgment pursuant to 11 U.S.C. § 541 and turnover pursuant to 11 U.S.C. § 542(a), which was accompanied by (1) a memorandum of law, dated January 29, 2021 (ECF No. 51), (2) Plaintiffs' Statement of Undisputed Facts Pursuant to Local Bankruptcy Rule 7056-1 (ECF No. 50), and (3) the Declaration of Jared White, dated January 29, 2021, together with the exhibits thereto (ECF No. 49), (collectively, the "**Motion**"); and service and notice of the Motion having been due and sufficient, no further notice being required; upon Carrier's objection to the Motion dated March 1, 2021, with the exhibits thereto (ECF No. 54), and Plaintiffs' reply papers, including (1) the Reply Memorandum of Law, dated March 5, 2021 (ECF No. 55) and (2) the Reply Declaration of Jared White, dated March 5, 2021, together with the exhibits thereto (ECF No. 56); and the Debtor having filed a Statement of No Objection to the Motion, dated March 5, 2021 (ECF No. 58) confirming that it has no objection to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and Court having held a hearing on the Motion on March 8, 2021 (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings herein; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having found that (i) that there are no genuine issues of material fact pertaining to the

Motion, (ii) granting the relief sought in the Motion is supported by the legal and factual bases set forth therein, and (iii) it is in the best interests of the Debtor, the Debtor's estate, all creditors and parties in interest to grant the relief sought in the Motion as provided herein; and the Court having further determined that, based on conflicting factual allegations made by the Plaintiffs and Carrier regarding the proper calculation and pursuit of the Debtor's estate's interest in Brownfield Tax Credits and the Tax Refund (each as defined below), the appointment of an examiner with powers to make such calculation and pursue such Credits and Refund in a disinterested and objective way is in the interests of creditors and the Debtor's equity security holders; and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that the brownfield tax credits attributable to the Debtor that are the subject of this proceeding (the "**Brownfield Tax Credits**") and are forthcoming from the State of New York in the form of a tax refund ("**Tax Refund**") to Carrier, as the principal and managing member of the Debtor, are property of the Debtor's estate pursuant to 11 U.S.C. § 541 (the "**Estate**"); and it is further

**ORDERED** that the United States Trustee, pursuant to 11 U.S.C. § 1104(c), is directed to appoint an examiner (the "**Examiner**") to perform the functions described in the next decretal paragraph; and it is further

**ORDERED** that the Examiner shall (i) investigate and determine any and all issues concerning the Debtor's direct or indirect interest in the Brownfield Tax Credits and the Tax Refund, (ii) pursue and facilitate on behalf of the Debtor and the Estate the payment of the Tax Refund to Carrier and any other payee who is a party to the Tax Refund, as well as the subsequent turnover of the entirety of the Tax Refund to the Debtor and the Estate, pursuant to 11 U.S.C. § 542, by Carrier and any other payee thereof; and it is further

**ORDERED** that the Examiner is empowered to take any action necessary to accomplish the duties set forth in the preceding paragraph; and it is further

**ORDERED, ADJUDGED AND DECREED** that Carrier shall execute any and all documents in his individual capacity or as manager of the Debtor reasonably requested by the Examiner that are necessary for the Examiner to discharge the Examiner's duties set forth herein, including, without limitation, the Power of Attorney (POA-1) document attached hereto as "**Exhibit A**," which is required by the State of New York to allow the Examiner to act on behalf of the Debtor or Carrier for the limited purpose of pursuing the Debtor's direct or indirect interests in the Brownfield Tax Credits and Tax Refund, satisfying the relevant audit requirements, and facilitating payment of the resultant Tax Refund to Carrier for the benefit of the Debtor's estate and the creditors of the estate; and it is further

**ORDERED, ADJUDGED AND DECREED** that Carrier and Plaintiffs shall cooperate with the Examiner as reasonably necessary to effectuate the Debtor's receipt ultimate of the Tax Refund including, without limitation, providing

documentation such as schedules, invoices, check copies and amending tax returns, and it is further

**ORDERED, ADJUDGED AND DECREED** that Carrier and any other payee who is a party to the Tax Refund, shall turn over to the Examiner, or any agent or representative of the Examiner, the Tax Refund and any and all documentation that New York State delivered with or related to the Brownfield Tax Credits and Tax Refund to Carrier or any other payee who is a party to the Tax Refund, upon receipt; and it is further

**ORDERED, ADJUDGED AND DECREED** that Carrier and all persons known and unknown acting on his behalf or in concert with him, in any manner or by any means, are hereby permanently enjoined from withdrawing, transferring, pledging, allocating, encumbering, assigning, dissipating, concealing, or otherwise diminishing the value of the Tax Refund in connection with the Brownfield Tax Credits, whether to be paid to Carrier or to Carrier jointly with any other party, including his spouse, by the State of New York, and from interfering or failing to cooperate with the audit conducted by the State of New York to ascertain the amount of Brownfield Tax Credits or the resultant Tax Refund due to the Debtor, either directly or indirectly through Plaintiff CSC 4540, LLC; and it is further

**ORDERED, ADJUDGED AND DECREED** that Carrier and any other payee who is a party to the Tax Refund, whether that Tax Refund is by check, electronic means, or other method, shall, upon receipt of the same, immediately endorse, forward, deposit, or take such other action as may be necessary so that the

#10159296 v4 \026143 \0003

5

Tax Refund can be turned over to the Examiner and deposited into a non-interest bearing escrow account held by counsel for the Debtor for the benefit of the creditors of the estate pending the ultimate distribution of the proceeds of the Brownfield Tax Credit to creditors of the estate during this Chapter 11 proceeding; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtor shall make no distributions of the Tax Refund deposited into escrow as provided in the preceding decretal paragraph except pursuant to further order of the Court; and it is further

**ORDERED** that the Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; and it is further

**ORDERED** that the Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in the foregoing sections, rules, guidelines and orders; and it is further

**ORDERED** that this Order shall take effect immediately and shall remain in full effect until further order of this Court; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: White Plains, New York
       March 29, 2021

                                    */s/Robert D. Drain*
                                    HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE